UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| WALTER S. PATRICK,<br><br>      Plaintiff,<br><br>v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security,<br><br>      Defendant. | No. CV-07-3099-CI<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR ADDITIONAL PROCEEDINGS PURSUANT TO SENTENCE FOUR 42 U.S.C. § 405(g) |

BEFORE THE COURT are cross-Motions for Summary Judgment (Ct. Rec. 13, 20.) Attorney D. James Tree represents Plaintiff; Special Assistant United States Attorney Carol A. Hoch represents Defendant. The parties have consented to proceed before a magistrate judge. (Ct. Rec. 5.) After reviewing the administrative record and briefs filed by the parties, the court **GRANTS** Plaintiff's Motion for Summary Judgment, **DENIES** Defendant's Motion for Summary Judgment, and remands the matter to the Commissioner for additional proceedings.

**JURISDICTION**

Plaintiff Walter S. Patrick (Plaintiff) protectively filed for Supplemental Security Income and disability insurance benefits (DIB) on January 4, 2005. (Tr. 52, 282.) Plaintiff alleged an onset date of February 10, 2004, on the DIB application and June 30, 2004, on the SSI application. (Tr. 52, 282.) Benefits were denied initially and

on reconsideration. (Tr. 287, 29.) Plaintiff requested a hearing before an administrative law judge (ALJ), which was held before ALJ Ralph Jones on March 8, 2007. (Tr. 327-67.) Plaintiff was represented by counsel and testified at the hearing. The ALJ denied benefits (Tr. 16) and the Appeals Council denied review. (Tr. 6.) The instant matter is before this court pursuant to 42 U.S.C. § 405(g).

**STATEMENT OF FACTS**

The facts of the case are set forth in the administrative hearing transcripts, the ALJ's decision, and the briefs of Plaintiff and the Commissioner, and will therefore only be summarized here.

At the time of the hearing, Plaintiff was 58 years old. (Tr. 330.) He has at least four years of college education. (Tr. 82.) Plaintiff has worked as a substance abuse program coordinator and has been self-employed as a medieval coin replica maker. (Tr. 78-79.) Plaintiff alleged his ability to work is limited by depression and chronic pain which limits his ability to stand, walk, lift, and sit. (Tr. 78.)

**STANDARD OF REVIEW**

Congress has provided a limited scope of judicial review of a Commissioner's decision. 42 U.S.C. § 405(g). A Court must uphold the Commissioner's decision, made through an ALJ, when the determination is not based on legal error and is supported by substantial evidence. *See Jones v. Heckler,* 760 F.2d 993, 995 (9th Cir. 1985); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). "The [Commissioner's] determination that a plaintiff is not disabled will be upheld if the findings of fact are supported by substantial evidence." *Delgado v.*

*Heckler*, 722 F.2d 570, 572 (9th Cir. 1983) (*citing* 42 U.S.C. § 405(g)). Substantial evidence is more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975), but less than a preponderance. *McAllister v. Sullivan,* 888 F.2d 599, 601-602 (9th Cir. 1989); *Desrosiers v. Secretary of Health and Human Services,* 846 F.2d 573, 576 (9th Cir. 1988). Substantial evidence "means such evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401 (1971) (citations omitted). "[S]uch inferences and conclusions as the [Commissioner] may reasonably draw from the evidence" will also be upheld. *Mark v. Celebrezze,* 348 F.2d 289, 293 (9th Cir. 1965). On review, the Court considers the record as a whole, not just the evidence supporting the decision of the Commissioner. *Weetman v. Sullivan*, 877 F.2d 20, 22 (9th Cir. 1989) (*quoting Kornock v. Harris*, 648 F.2d 525, 526 (9th Cir. 1980)).

It is the role of the trier of fact, not this Court, to resolve conflicts in evidence. *Richardson*, 402 U.S. at 400. If evidence supports more than one rational interpretation, the Court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Sec'y of Health and Human Services,* 839 F.2d 432, 433 (9th Cir. 1988). Thus, if there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or nondisability, the finding of the

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND REMANDING FOR ADDITIONAL PROCEEDINGS PURSUANT TO
SENTENCE FOUR 42 U.S.C. § 405(g)-3

Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987).

**SEQUENTIAL PROCESS**

The Social Security Act (the "Act") defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423 (d)(1)(A), 1382c (a)(3)(A). The Act also provides that a Plaintiff shall be determined to be under a disability only if his impairments are of such severity that Plaintiff is not only unable to do his previous work but cannot, considering Plaintiff's age, education and work experiences, engage in any other substantial gainful work which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). Thus, the definition of disability consists of both medical and vocational components. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

The Commissioner has established a five-step sequential evaluation process for determining whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920. Step one determines if he or she is engaged in substantial gainful activities. If the claimant is engaged in substantial gainful activities, benefits are denied. 20 C.F.R. §§ 404.1520(a)(4)(I), 416.920(a)(4)(I).

If the claimant is not engaged in substantial gainful activities, the decision maker proceeds to step two, which determines whether the claimant has a medically severe impairment or combination of impairments. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If

the claimant does not have a severe impairment or combination of impairments, the disability claim is denied.

If the impairment is severe, the evaluation proceeds to the third step, which compares the claimant's impairment with a number of listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii); 20 C.F.R. § 404, Subpt. P, App. 1. If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled.

If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step, which determines whether the impairment prevents the claimant from performing work he or she has performed in the past. If plaintiff is able to perform his or her previous work, the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). At this step, the claimant's residual functional capacity ("RFC") assessment is considered.

If the claimant cannot perform this work, the fifth and final step in the process determines whether the claimant is able to perform other work in the national economy in view of his or her residual functional capacity and age, education and past work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *Bowen v. Yuckert*, 482 U.S. 137 (1987).

The initial burden of proof rests upon the claimant to establish a *prima facie* case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). The initial burden is met once the

claimant establishes that a physical or mental impairment prevents him from engaging in his or her previous occupation. The burden then shifts, at step five, to the Commissioner to show that (1) the claimant can perform other substantial gainful activity, and (2) a "significant number of jobs exist in the national economy" which the claimant can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).

## ALJ'S FINDINGS

At step one of the sequential evaluation process, the ALJ found Plaintiff has not engaged in substantial gainful activity since February 10, 2004, the alleged onset of disability. (Tr. 18.) At steps two and three, he found Plaintiff has the severe impairments of osteoarthritis and degenerative disc disease, but the impairments do not meet or medically equal one of the listed impairments in 20 C.F.R., Appendix 1, Subpart P, Regulations No. 4 (Listings). (Tr. 18.) The ALJ also found Plaintiff's depression does not result in significant work-related functional limitations and is not a severe impairment. (Tr. 19.) The ALJ then determined:

> [C]laimant has the residual functional capacity to lift 20 pounds occasionally and 10 pounds frequently. He can stand and walk 6 hours out of an 8-hour day and sit 6 hours out of an 8-hour day. He is limited to occasional pushing and pulling with the lower extremities. He cannot climb ladders, ropes, or scaffolds. He can occasionally climb ramps and stairs, stoop kneel [sic], crouch and crawl. He can frequently balance.

(Tr. 19.) At step four, the ALJ stated that Plaintiff is unable to perform any past relevant work.[1] (Tr. 22.) Based on the Plaintiff's

---

[1] This is the plain language of the finding. As discussed below, the intended meaning of the finding is ambiguous.

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND REMANDING FOR ADDITIONAL PROCEEDINGS PURSUANT TO
SENTENCE FOUR 42 U.S.C. § 405(g)-6

age, education, work experience and residual functional capacity, the ALJ found that Plaintiff has acquired work skills from past relevant work that are transferable to other occupations with jobs existing in significant numbers in the national economy. (Tr. 23.) As such, the ALJ found Plaintiff has not been under a disability as defined in the Social Security Act from February 10, 2004, through the date of the decision.

**ISSUES**

The question is whether the ALJ's decision is supported by substantial evidence and free of legal error. Plaintiff argues the ALJ erred at step five of the analysis by (1) failing to identify specific jobs available in significant numbers which the Plaintiff could perform in light of his specific functional limitations; (2) determining Plaintiff has transferable skills; and (3) providing an incomplete hypothetical to the vocational expert. (Ct. Rec. 14 at 12-17.) Plaintiff further argues the ALJ erred by improperly rejecting the opinions of Plaintiff's treating and examining sources and Plaintiff's own testimony. (Ct. Rec. 14 at 17.) Defendant argues the ALJ gave clear and convincing reasons for the credibility assessment, properly considered medical source opinions, properly concluded Plaintiff could perform past relevant work, and that the error at step five was harmless.

**DISCUSSION**

Defendant concedes the ALJ's step five finding was deficient. (Ct. Rec. 21 at 22.) The ALJ noted the vocational expert testified that Plaintiff's skills in record keeping, marketing and sales are transferable to light exertion, semi-skilled work. (Tr. 23.) The ALJ

cited the Medical-Vocational Guidelines, 20 C.F.R. Part 404, Subpart P, Appendix 2 and concluded that, based on a residual functional capacity for the full range of light work and considering the Plaintiff's age, education and transferable work skills, a finding of "not disabled" is directed by Medical-Vocational Rule 202.07. (Tr. 23.) However,

> When the issue of skills and their transferability must be decided, the adjudicator or ALJ is required to make certain findings of fact and include them in the written decision.
>
> . . .
>
> When a finding is made that a claimant has transferable skills, the acquired work skills must be identified, and specific occupations to which the acquired work skills are transferable must be cited in the State agency's determination or ALJ's decision. . . . It is important that these findings be made at all levels of adjudication to clearly establish the basis for the determination . . . .

S.S.R. 82-41. Although the ALJ identified the Plaintiff's transferable skills, the ALJ neither identified occupations to which those skills would be transferable nor established that such occupations are available in significant numbers in the national economy. (Tr. 23.) Thus, the ALJ erred.

Defendant argues that the error at step five is harmless because the ALJ made a step four finding that Plaintiff could perform his past relevant work as a program coordinator. (Ct. Rec. 21 at 22.) If the ALJ did indeed make an adequate step four finding that Plaintiff can perform past relevant work, the error at step five is harmless error because it was not a required step. *See Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006) (error is harmless when it occurs in a step the ALJ was not required to perform); *Matthews v. Shalala*, 10 F.3d 678, 681 (9th Cir. 1993)(any error in hypothetical was

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND REMANDING FOR ADDITIONAL PROCEEDINGS PURSUANT TO
SENTENCE FOUR 42 U.S.C. § 405(g)-8

Case 2:07-cv-03099-CI    Document 24    Filed 01/06/09

harmless in light of the step four conclusion that claimant could return to past work). However, Plaintiff asserts the ALJ found he could not return to past relevant work and that the ALJ erred by identifying Plaintiff's past work as a program coordinator as "past relevant work." (Ct. Rec. 23 at 9-10.)

In finding that an individual has the capacity to perform past relevant work, the ALJ's decision must contain among the findings a finding of fact that the individual's RFC would permit a return to his past job or occupation. S.S.R. 82-62. Here, there is no such finding. Throughout the decision, the ALJ enumerated findings in bold font before discussing them in detail. With regard to past relevant work, the ALJ stated:

> **6. The claimant is unable to perform any past relevant work (20 CFR 404.1565 and 416.965).**
>
> The claimant has past relevant work as a program coordinator. This is sedentary exertion, skilled work. The vocational expert testified that given the claimant's residual functional capacity, he is capable of performing his past relevant work as a program coordinator.

(Tr. 22.) The bolded language appears to be a clear finding that Plaintiff is not able to perform past relevant work. However, Defendant argues the text after the bolded language indicates the ALJ actually intended to find that Plaintiff is able to perform past relevant work. (Ct. Rec. 21 at 20.) After the past relevant work finding, the ALJ added: "Alternatively, as discussed below, there are other jobs existing in significant numbers in the national economy he could perform given his age, education, work experience and residual functional capacity." (Tr. 22-23.) The word "alternatively" is also inconsistent with the bolded finding. Defendant argues the past

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND REMANDING FOR ADDITIONAL PROCEEDINGS PURSUANT TO
SENTENCE FOUR 42 U.S.C. § 405(g)-9

relevant work finding is standardized language which was not modified to match the text below it, and is therefore a harmless typographical error. (Ct. Rec. 21 at 20.)

The language of the past relevant work finding and the explanatory text are inconsistent, creating an ambiguity. The court cannot, as the Defendant urges (Ct. Rec. 21 at 20-21), treat the ambiguity at step four as harmless error. Harmless error only occurs if the error is inconsequential to the ultimate nondisability determination. *See Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 885 (9th Cir. 2006); *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1055-56 (9th Cir. 2006). Errors that do not affect the ultimate result are harmless. *See Parra v. Astrue*, 481 F.3d 742, 747 (9th Cir. 2007); *Curry v. Sullivan*, 925 F.2d 1127, 1131 (9th Cir. 1990); *Booz v. Sec'y of Health & Human Servs.*, 734 F.2d 1378, 1380 (9th Cir. 1984). In this case, the ambiguity is critical to the ultimate nondisability determination. When the ambiguity is considered in the light most favorable to the Plaintiff, he is not able to perform past work. Thus, a proper step five analysis is essential to the final outcome. Since the ALJ erred at step five, the matter must be remanded for clarification of the step four determination and, if appropriate, a proper step five analysis.

It is also noted that Plaintiff argues the ALJ erred at step four by treating Plaintiff's work as a program coordinator as past relevant work. Plaintiff asserts he did not perform the work long enough to learn it and that it was a temporary position for which he was not credentialed. (Ct. Rec. 23 at 10.) The ALJ did not explain the basis for his conclusion that the program supervisor position is past

relevant work. (Tr. 22.) On remand, the ALJ should analyze and explain the basis for categorizing Plaintiff's work as program coordinator as past relevant work.

The court does not reach Plaintiff's other assignments of error because the errors at steps four and five require remand.

## CONCLUSION

The ALJ's decision is not supported by substantial evidence and free of legal error. Remand is the proper remedy. On remand, the ALJ will weigh and analyze the opinions of the treating and examining providers and the other medical evidence, reevaluate Plaintiff's credibility, determine Plaintiff's residual functional capacity, analyze Plaintiff's past work, and obtain vocational expert testimony if appropriate. Accordingly,

**IT IS ORDERED:**

1. Plaintiff's Motion for Summary Judgment **(Ct. Rec. 13)** is **GRANTED**. The matter is remanded to the Commissioner for additional proceedings pursuant to sentence four 42 U.S.C. 405(g).

2. Defendant's Motion for Summary Judgment **(Ct. Rec. 20)** is **DENIED.**

3. An application for attorney fees may be filed by separate motion.

The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant. Judgment shall be entered for Plaintiff and the file shall be **CLOSED**.

DATED January 6, 2009.

S/ CYNTHIA IMBROGNO<br>UNITED STATES MAGISTRATE JUDGE

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND REMANDING FOR ADDITIONAL PROCEEDINGS PURSUANT TO
SENTENCE FOUR 42 U.S.C. § 405(g)-11